UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHONGTIE DACHENG (ZHUHAI) INVESTMENT MANAGEMENT CO LTD,

Petitioner,

-against-

JINGGANG YAN and LIANG XIUHONG,

Respondents.

24-MC-160 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On April 1, 2024, Respondents Jinggang Yan and Liang Xiuhong initiated this miscellaneous action by filing a motion to quash (or, alternatively, to modify) nineteen subpoenas served by Petitioner Zhongtie Dacheng (Zhuhai) Investment Management Co Ltd. (Doc. 1.) The subpoenas were served in connection with a judgment entered against Respondents in an arbitration-confirmation case in the Central District of California (the "Underlying Action"). *See* Order Granting Petition & Judgment Against Respondents, *Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co. Ltd. v. Yan*, No. 8:22-cv-461 (C.D. Cal. Jan. 12, 2024), ECF No. 108.

On October 12, 2022, Petitioner filed a First Amended Petition (the "Petition") against Respondents in the Underlying Action. (C.D. Cal. No. 8:22-cv-461, Doc. 28.) The Petition sought to confirm a March 24, 2020 arbitration award issued by the Beijing Arbitration Commission against Respondents in a lending-agreement dispute. (*Id.* at 1.) After District Judge Kenly Kiya Kato of the Central District of California granted the Petition, (C.D. Cal. No. 8:22-cv-461, Doc. 108), Petitioners served the above-referenced subpoenas on nineteen banks and financial intuitions to obtain discovery to assist them in collecting on the judgment. Even

though most of the subpoena recipients have California addresses, the subpoenas direct compliance in the Southern District of New York. (Doc. 4, Exs. A–S.) On May 17, 2024, I held a conference on the motion to quash or modify the subpoenas to discuss, among other things, whether transfer to the Central District of California would be appropriate under Rule 45(f) of the Federal Rules of Civil Procedure. (Doc. 13.) Rule 45(f) provides that a court may transfer subpoena-related motions to the court where the underlying action is pending "if the person subject to the subpoena consents or if the court finds exceptional circumstances," Fed. R. Civ. P. 45(f).

At the conference, I directed the parties to contact the nineteen subpoena recipients to inquire into whether they would consent to transferring the motion to the Central District of California. (Doc. 22 at 18:5–6.) In the weeks that followed, the parties advised me that they sent letters to the nineteen subpoenaed entities and received responses from twelve of them. (Docs. 24, 26, 28.) Of the twelve responding banks, none objected to the proposed transfer. (Doc. 26 at 1.) Even assuming, as the parties contend, that not objecting to the transfer is the same as consenting to it, (*see id.*), I would still not be able to transfer the motion on consent because seven banks failed to respond to the parties at all.

However, I still have authority to transfer the case sua sponte based on the existence of "exceptional circumstances." Fed. R. Civ. P. 45(f); *see also Abercrombie & Fitch Trading Co. v. Prestige Beauty Grp., LLC*, No. 23-MC-00492, 2024 WL 360847, at *1 (S.D.N.Y. Jan. 31, 2024) (sua sponte transferring a motion to compel for "exceptional circumstances"). In this regard, a court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. In addition, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same

issues are likely to arise in discovery in many districts." *Id.* Courts in this District regularly transfer motions like the one at issue here "where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (internal quotation marks, citations, and alterations omitted).

Courts have found exceptional circumstances under circumstances similar to those present here. *See, e.g.*, *Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24-MC-9, 2024 WL 308097, at *2 (S.D.N.Y. Jan. 26, 2024) (finding exceptional circumstances where the "issuing court [was] intimately familiar with the history and complex facts of the current litigation" (internal quotation marks omitted)). Judge Kenly Kiya Kato, who decided the Petition in the Underlying Action, is best positioned to adjudicate the enforcement of the subpoenas given her familiarity with the long-running facts of this case. *Cf. Google LLC v. Fortress Inv. Grp. LLC*, No. 20-MC-132, 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (recognizing that another judge's prior involvement in the underlying action is a reason to transfer). Depending on what other post-judgment discovery takes place in the Underlying Action, there may also be a risk of inconsistent rulings. *Cf. EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, No. 22-MC-70, 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022) (transferring case where there was "a risk of inconsistent ruling regarding the discoverability of the categories of documents at issue"). Moreover, it does not appear that transferring the motions to the Central District of California would impose a burden on the third-party subpoena recipients. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment (under Rule 45, the "prime concern" is "avoiding burdens on local nonparties subject to subpoenas"). Of the nineteen non-parties

served with subpoenas, only one was listed with an address in the Southern District of New York. For these reasons, the "interests of justice and judicial efficiency are best served" by transferring the motions to quash to the Central District of California. *Full Circle*, 581 F. Supp. 3d at 525.

For these reasons, this action shall be transferred to the Central District of California pursuant to Fed. R. Civ. P. 45(f) to be considered with *Zhongtie Dacheng (Zhuhai) Investment Management Co Ltd v. Yan*, No. 8:22-cv-461 (C.D. Cal. filed Mar. 28, 2022). The Clerk of the Court is respectfully directed to transfer this action to the Central District of California and close the case.

SO ORDERED.

Dated: January 15, 2025
New York, New York

VERNON S. BRODERICK
United States District Judge